**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| MILLICENT BROWN, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | |
| | * | Civil No. 26-1578-BAH |
| KATHRYN M. WIDMAYER ET AL., | | |
| | * | |
| Defendants. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff Millicent Brown ("Plaintiff") originally filed the above-captioned complaint pro se against defendants Kathryn M. Widmayer, McKenzie Gavin, and the University of Maryland Medical Center ("UMMC") (collectively "Defendants") alleging a violation of the Age Discrimination in Employment Act (ADEA). *See* ECF 1, at 2–4. Pursuant to 28 U.S.C. § 1915(e), the Court directed Plaintiff to file an amended complaint because her initial complaint did not contain enough factual details to state a claim for relief under the ADEA. ECF 5. Plaintiff timely filed an amended complaint. ECF 8. She also filed two supplements. ECF 6 and 7. The Court has reviewed these filings and will direct Plaintiff to file a second amended complaint—a single document listing each defendant she seeks to sue and explaining how each of their actions constitute a violation of the ADEA as explained further below.

From the best the Court can tell, in October 2025, Plaintiff was hired as a temporary housekeeper at UMMC through the Mayor's Office of Employment Development ("MOED") Hire Up program. *See* ECF 6-1, at 5. She complained in early December 2025 to her supervisors, including Scott Cooper (her direct supervisor) and Tyrone Knight (a recruiter), of "mean" and

"harass[ing]" behavior from a co-worker, Marvin. *See* ECF 6-1, at 10, 15, 30; ECF 8, at 3. An investigation was opened into Plaintiff's complaints about her co-worker's behavior, but its result is not entirely clear apart from her being transferred to another jobsite. *See* ECF 6-1, at 19, 21, 24, 56; ECF 8, at 3. She also appears to have had an incident with a different co-worker in January 2026. *See* ECF 7, at 2–3; ECF 8, at 3. She alleges that Knight was not supportive and told her to resign. ECF 6-1, at 48, 56; ECF 8, at 1.

A doctor at UMMC, Dr. Thomas Scalea, and several employees from MOED, including Rhonda Johnson (a MOED HR employee), appear to have been attempting to help Plaintiff secure a different job at UMMC beginning in late January 2026 to help her avoid homelessness. *See* ECF 6-1, at 37–38, 57–58, 63, 66–67, 72. In an email, Dr. Scalea noted some "issues with [Plaintiff's] interactions with co[-]workers" that made the process "more problematic." *Id.* at 46. Johnson directed Plaintiff to employment opportunities geared toward senior citizens. *See id.* at 44–45; ECF 8, at 3. She was able to attend a virtual interview for an unspecified position but was unable to turn on the camera, so it was rescheduled to be in person. ECF 6-1, at 64, 70, 71. Plaintiff participated in a "share day," ECF 6-1, at 71, but ultimately it does not appear that Plaintiff was offered the job. *See* ECF 8, at 2–3.

The amended complaint and supplements still do not state a claim for relief under the ADEA. While the Court does not doubt that Plaintiff has suffered harm, including at minimum what appears to be poor behavior from coworkers and difficulties with stable housing and employment, an ADEA claim must tie the harm to unlawful age discrimination. As alleged (and pieced together through the submitted emails), any causal connection between Plaintiff's age and her termination as a temporary housekeeper at UMMC is not apparent. Nor does it appear, as alleged, that age played a role in a decision not to hire Plaintiff for the second job after she

2

participated in the "share day" (or who made that decision).  Plaintiff contends that Dr. Scalea "promised [her] a surgical tech position in the OR thr[ough] emails."  ECF 8, at 2.  The emails submitted bear out that the doctor attempted to help Plaintiff secure a position, but he does not appear to have ever offered Plaintiff a specific job.  *See generally* ECF 6-1.  Further, the involvement of the originally named defendants, including Kathryn Widmayer and McKenzie Gavin, is not clear.

Since Plaintiff's amended complaint does not satisfy the pleading requirements as directed by the Court's prior order, the complaint could be dismissed.  However, the Court will provide Plaintiff one final opportunity to lay out an ADEA claim.  She should include in her amended complaint as much detail in narrative format (as opposed to merely attaching email threads) about the individual or individuals she asserts discriminated against her.  She should do her best to provide details regarding the dates, locations, and descriptions of the relevant events and provide all relevant details which support her claim, especially regarding any details that support the inference that any mistreatment she faced was because of her age.  (Indeed, Plaintiff has not alleged what her age is.)

To help Plaintiff craft a compliant amended complaint that meets all the necessary elements, the Court will repeat what is necessary to bring an ADEA claim: The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  "An employee [or prospective employee] who alleges that her employer [or prospective employer] violated this prohibition 'must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision.'"

*Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019) (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009)). "[T]he elements of an ADEA employment discrimination claim under Title 29 U.S.C. § 623(a)(1) are that the plaintiff: (1) is 40 years of age or older; (2) experienced discrimination by an employer; (3) experienced discrimination because of her age." *Chamberlain-Loving v. Renal Treatment Centers-Mid-Atl., Inc.*, 787 F. Supp. 3d 211, 217 (E.D. Va. 2025) (citing *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020)).

The amended complaint should be filed as one document containing enough factual details to raise a right to relief above the speculative level and should contain "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp.*, 550 U.S. at 555). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff is further reminded that her amended complaint will replace all previous complaints and supplements filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended

4

complaint required by this order must include all of the allegations against each of the defendants in a single document containing sufficient detail, so that the amended complaint may stand alone as the sole complaint in this action which defendants must answer.

Accordingly, it is this 10th day of June, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff IS GRANTED 21 days from the date of this order to file a second amended complaint as directed above using, if she so chooses, the form "Complaint for Employment Discrimination" provided with this order;

2. Plaintiff IS FOREWARNED that failure to comply with this order in the time specified will result in dismissal of this case without further notice; and

3. The Clerk SHALL PROVIDE a copy of this order and a blank form "Complaint for Employment Discrimination" to Plaintiff.

/s/

Brendan A. Hurson
United States District Judge

5